UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC CLERK, GREENVILLE, SC

2008 MAR 11  P 12:17

| | |
|---|---|
| Advantage Inspection, Inc., and <br> Advantage Inspection International, LLC. <br><br> Plaintiffs, <br><br> v. <br><br> 1st Advantage of the Piedmont, LLC; <br> Thomas E. Hardin, individually; <br> Michael Curtice, individually; and <br> Lynne Curtice, individually, <br><br> Defendants. | C/A No.: 6:07-cv-969-GRA <br><br> **ORDER** <br> (Written Opinion) |

### Rule 5(b) Order to Serve Defendants

This matter comes before the Court on the plaintiffs' motion for entry of damages and injunction, filed on February 6, 2008. On August 7, 2007, this Court held 1st Advantage of the Piedmont, LLC and Thomas E. Hardin (Defendants) in default. The Court subsequently granted the plaintiffs leave to serve discovery on the defendants for the purposes of ascertaining damages. The defendants did not respond to plaintiffs' discovery efforts. In fact, the defendants have yet to appear in this action. The plaintiffs now urge this Court to enter an award in the amount of $34,489.52—$30,000 for the defendants' improper profits and $4,489.52 representing the plaintiffs' attorney fees, items that are both recoverable under 15 U.S.C. § 1117(a). The plaintiffs further argue that a damages hearing is not necessary because the defendants have, as a matter of law, admitted to making $30,000 in improper profits by failing to respond to the plaintiffs' December 11, 2007 requests to admit.

The plaintiffs served these requests to admit on attorney Douglas Gay of Gay & Walters at 1273B Ebenezer Road, Rock Hill, South Carolina 29732. The record reveals that Mr. Gay represented the defendants during unsuccessful settlement negotiations during the Summer of 2007. However, there is no indication from the record that Mr. Gay represented either Defendant on December 11, 2007, when Plaintiffs served their requests to admit on Attorney Gay. He is not the attorney of record because the defendants have yet to appear on the record.

Though no service need be made on a party in default, see Fed. R. Civ. P. 5(a), this Court is hesitant to determine default damages by relying solely on the defendants' failure to respond to discovery served upon an individual who may or may not have been representing the defendants at the time. Therefore, pursuant to Federal Rule of Civil Procedure 5(b)(1), this Court orders the plaintiffs to attempt service directly on the defendants within ten (10) days from the entry of this Order. This service should comport with the mandates of Rule 5. It should include this Order and the plaintiffs' immediate motion. The defendants will have twenty (20) days from the day service is completed—that is, the day the defendants receive this Order and the immediate motion— to respond. If the defendants choose not to respond, this Court will presume that the alleged amount of damages in the plaintiffs' motion is appropriate.

IT IS THEREFORE SO ORDERED THAT THE plaintiffs attempt service, pursuant to Federal Rule of Civil Procedure 5, on Defendants 1st Advantage of the Piedmont, LLC, and Thomas E. Hardin within ten (10) days from the entry of this Order

IT IS FURTHER ORDERED THAT the defendants have twenty (20) days from the date service is completed to respond to the plaintiffs' immediate motion.

[signature block on next page]

IT IS SO ORDERED.

                                                          The Honorable William W. Wilkins, Jr.
Sitting by Designation

March 11, 2008
Greenville, South Carolina